Andrew J. Di Paola, J.
The petitioner, an attorney representing the estates of two decedents, passengers killed in an automobile accident on or about August -8, 1973, seeks a judgment pursuant to CPLR article 78 permitting inspection of the reports and records of the accident kept and maintained by the respondents pursuant to section 66-a of the Public Officers Law. The respondents, the police department of this county and the county itself, raise only one question, the pendency in the Family Court of proceedings (presumably juvenile delinquency proceedings, Family Ct. Act, art. 7) arising out of the accident against two persons who were involved in it. There is no denial that an investigation was made, that the records exist, and that they are in the control of the respondents.
Since 1941, section 66-a of the Public Officers Law has mandated that “ [n] otwithstanding any inconsistent provisions of law, general, special or local * * * all reports and records of any accident, kept or maintained by * * * the police department * * * of any county * * # shall be open to ,the inspection of any person having an interest therein, or of such person’s attorney * * * even though the state or a municipal corporation or other subdivision thereof may have ■been involved in the accident.” There are exceptions for (1) the prescription of reasonable rules and regulations to govern inspection, and (2) the factor that the authorities having custody of the records “ may withhold from inspection any reports or records the disclosure of which would interfere with the investigation or prosecution by such authorities of a crime involved in or connected with the accident.”
Juvenile delinquency is not a crime (see Penal Law, § 10.00, subd. 6.) and the Family 'Court “ is a civil court with no criminal jurisdiction ” (Matter of White, 70 Misc ,2d 541, 542). Therefore, it cannot be said that the withholding of disclosure is related to investigation or prosecution of a crime in the Family Court. But even if it be assumed that a crime were the subject of the investigation or prosecution to which the answering affidavit refers, there is no scintilla of evidence in the affidavit. that disclosure to the petitioner as attorney for two decedents’ *989 estates in actions for their wrongful deaths, of the reports and records of official investigation of the accident responsible for the deaths, in any way interferes with any investigation or any prosecution of any kind.
The petition is in all respects granted.